On June 1, 1988, Lorenzo Crowell, a taxpayer and parent of two children in the Autauga County school system, filed a complaint in the Autauga County Circuit Court against Allen Weedon, the superintendent of education for Autauga County, alleging that Weedon had failed to establish a written plan for recruiting personnel, had failed to follow a course of employing the best personnel, and, specifically, had given inadequate notice of the retirement of the principal of Prattville High School and subsequently the vacancy this retirement produced. The complaint sought the following relief: (1) That the circuit court issue a temporary restraining order, pursuant to Rule 65, Ala.R.Civ.P., prohibiting the superintendent from hiring a principal at Prattville High School "until such time as qualified applicants can be interviewed and until such time as rules and regulations have been promulgated"; (2) that a hearing be set on a preliminary injunction to prohibit the superintendent from hiring a principal at Prattville High School "until such time as prospective applicants can be interviewed and until such time as rules and regulations are promulgated to insure compliance with the law"; and (3) that the circuit court issue a permanent injunction upon a hearing in this case prohibiting the superintendent from disobeying the rules of the Autauga County Board of Education and compelling the board to promulgate rules and regulations.
On June 1, 1988, the circuit judge signed an order that set a hearing that day. At 3:00 p.m. that afternoon, the circuit judge met with the superintendent of education, the school board attorney, and counsel for the plaintiff. On June 6, 1988, the Autauga County Board of Education hired Bill McFarland, the assistant principal of Prattville High School, as principal.
The hearing was convened on June 8, 1988, at 3:25 p.m. during a break in an ongoing trial. Testimony was taken from superintendent Weedon and the plaintiff. The hearing ended at 4:40 p.m.
On June 9, 1988, the circuit judge issued an order styled "Order on complaint for injunctive relief," in which he made seven findings of fact and conclusions of law, and issued the following order: *Page 1377 
 "1. That the Superintendent of Education of Autauga County is directed to comply with the policies of the Autauga County Board of Education and shall establish and maintain a plan for actively recruiting promising personnel for employment by the school system. This plan shall be written and shall be submitted to the Court for review and approval and assurance that it is in conformance with the policies heretofore set forth by the Autauga County Board of Education. Such plan should include, among other things, the amount of time that notice would be given for advertisement of open or available positions within the Autauga County School System.
 "2. The actions of the Superintendent of Education and the Autauga County Board of Education in hiring a Principal for Prattville High School on June 6, 1988, are rendered null and void and are hereby set aside.
 "3. Upon approval by this court of the Superintendent of Education's written plan for actively recruiting promising personnel, notice of the open position of Principal of Prattville High School shall be given in accordance with this plan and applications may be received, interviews conducted, and a person hired to fill the position in conformance with said plan."
On June 22, 1988, superintendent Weedon and the members of the board of education filed in the Circuit Court of Autauga County a notice of appeal to this Court under Rule 4(a)(1)(A), Ala.R.App.P. In addition to the briefs of the appellants and the appellee, the Alabama Association of School Boards submitted an amicus curiae brief on behalf of the defendants/appellants. The Alabama Education Association also filed an amicus brief, in which it asked that the appeal be dismissed or the case be remanded so that the merits of the challenge to the validity of the hiring and promotion practices of the Autauga County Board of Education might be developed.
As noted at the outset, the complaint filed in this case sought a temporary restraining order, a preliminary injunction, and a permanent injunction. It is not clear from the order entered by the trial court exactly which relief was granted. The Alabama Education Association argues that it is not an appealable order. It is true that a temporary restraining order issued under Rule 65 of the Federal Rules of Civil Procedure is not appealable as a general rule:
 "There is no statutory provision for the appeal of a temporary restraining order and it has been held that both the grant and the denial of an order under Rule 65(b) are interlocutory." Wright and Miller, Federal Courts, § 2951 at 499.
The only exception is when the denial of a T.R.O. actually decides the merits of the case or is equivalent to a dismissal of the claim. Wright and Miller, supra, § 2962 at 616.
Under Ala.R.Civ.P. 65 and its federal counterpart, a temporary restraining order lasts for only a ten-day period. Because a T.R.O. is limited to ten days' duration, it has generally been treated as a non-appealable order. In re ArthurTreacher's Franchisee Litigation, 689 F.2d 1150 (3rd Cir. 1982).
We might be inclined to follow these federal precedents and dismiss the appeal if it were clear that the order appealed from was a temporary restraining order. However, it is not clear that it is. A second reason for not dismissing the appeal is Rule 4(a)(1)(A), Ala.R.App.P., which provides:
 "In appeals from the following orders or judgments, such notice of appeal shall be filed within 14 days (2 weeks) of the date of the entry of the order or judgment appealed from: (A) any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or modify an injunction."
This rule is a departure from a previous Alabama statute which provided for appeals "on all interlocutory orders, sustaining, dissolving, or discharging injunctions." Title 7, § 757, Codeof Alabama 1940 (Recomp. 1958). There was no provision for appeal from the "granting" of a T.R.O. under this statute, which has been superseded by the appellate rules. *Page 1378 
The order appealed from is an injunction of some kind. So, technically, it can be argued that it is appealable under A.R.A.P. 4(a)(1)(A). This does not, however, compel this Court to review the matter on an incomplete record. There was only one quickly set hearing on the request for a T.R.O., which lasted just over an hour. There was no agreement to advance the hearing to a request for a preliminary injunction. The order does not indicate that it is a preliminary injunction, nor subject to the ten-day duration that attaches to a T.R.O. There was no motion made to dissolve the injunction, so no further record was made. Instead, this appeal was taken.
The complaint alleges that the superintendent of Autauga County has not established a plan for the recruitment of the most qualified applicants for positions in the school system. There has been little opportunity for the parties to develop and support their opposing positions. The trial court evidently agreed with the plaintiff, at least insofar as the current vacancy in the position of principal of Prattville High School is concerned. The judge's order speaks specifically to this position and the events leading up to the Board's appointment of a principal.
However, the evidence before the trial court and the record before us are entirely too meager to decide the broad issues raised by the pleadings. There has been no hearing on the merits, and until there has been, we decline to review the issues. Accordingly, the cause is remanded for a full evidentiary hearing on the merits, after allowing all parties ample time for discovery.
REMANDED.
MADDOX, JONES, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.