SHORES, Justice.
The Walker County Sheriff’s Department (“Sheriffs Department”) filed suit for a declaratory judgment in the Circuit Court of Walker County, Alabama, seeking to have the court determine the ownership of five video game machines that the Department had taken possession of due to a dispute over their ownership that arose late one afternoon in Carbon Hill, Alabama. Glen David Webb, Jr., Ronald Wright, and Fred Bolling were named as defendants. Defendant Ronald Wright answered the complaint with a counterclaim alleging his ownership of the video machines and demanding damages for conversion. The Sheriffs Department filed a motion for summary judgment on Wright’s counterclaim, which was granted by the trial judge. Ronald Wright appeals from the summary judgment.
On November 18, 1985, the Sheriffs Department of Walker County received a call for assistance from the Carbon Hill police chief, William F. Wright, concerning a dispute over the ownership of five video game machines at a gameroom in Carbon Hill run by Glen David Webb, Jr. John Mark Tirey, an investigator with the Sheriffs Department, arrived shortly thereafter at a business known as Carbon Hill Video Games. Fred Bolling was in the gameroom, claiming that the machines were his and that they had been stolen from him by Ronald Wright, and insisting that he be allowed to take the machines with him. He presented the officer with an inventory sheet that listed the video games, but did not list the machines by serial number. Webb stated that he did not know who owned the machines, but that they had been left at the gameroom by Ronald Wright, who purported to be the owner at the time that he left them. Webb further stated that the building was not secure, and that he was not willing to be responsible for the machines.
The Sheriff’s Department was faced with the dilemma of securing the machines until the true owner could be ascertained. Webb, who had immediate possession of the machines, consented to the removal of the machines. Webb signed a form, witnessed by Tirey and Chief Wright, which was a consent-to-search form modified to include the seizure of property. Paragraph 5 of the Sheriff’s Department’s complaint avers as follows: “5) That Glen David Webb, Jr., at that time consented that the Walker County Sheriffs Department take the above described machines into their possession until such time as ownership of the machines could be determined.” In his answer to the complaint, Glen David Webb, Jr., responds: “5. For answer to Paragraph 5 defendant admits that he consented for Sheriff’s department to take possession of said machines hi order to determine their true ownership.” Webb changed his story somewhat on deposition. He admitted signing the consent document, but said he did not intend for the machines to be removed. This change has no legal significance in this case, because the Sheriff was not liable for conversion under the facts of this case in taking the machines to protect the true owner’s interest, with or without Webb’s consent. The machines were taken into the possession of the Department late in the afternoon. Officer Tirey contacted the attorney for Walker County the next morning, and this lawsuit to determine ownership was filed the following day.
The question before this Court is whether the trial court erred in entering summary judgment for the Sheriff’s Department on the counterclaim of Ronald Wright. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. All *454 reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Sadie v. Martin, 468 So.2d 162, 165 (Ala.1985), citing Fountain v. Phillips, 404 So.2d 614 (Ala. 1981).
An action for conversion will lie if there has been a wrongful exercise of dominion over property in exclusion or defiance of the plaintiffs rights and the plaintiff has an immediate right to possession of the property. United Merchants & Manufacturers, Inc. v. Sanders, 508 So.2d 689, 691 (Ala.1987), citing Empiregas, Inc. of Gadsden v. Geary, 431 So.2d 1258 (Ala. 1983). However, the bare possession of property without some wrongful act in acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser is not “conversion.” Clardy v. Capital City Asphalt Co., 477 So.2d 350, 352 (Ala.1985), citing Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am.St. Rep. 789 (1890).
We have examined and considered all of the evidence in this case and all reasonable inferences to be drawn from it in a light most favorable to Ronald Wright. Neither the evidence, nor any reasonable inference arising from it, furnishes a scintilla in support of his allegations. The person in immediate possession of the five video game machines was Glen David Webb, Jr., not Ronald Wright. The ownership of the property is in dispute, and is the matter before the court. Therefore, a counterclaim for conversion will not lie.
There was no error in entering a summary judgment in favor of the Sheriffs Department on the counterclaim of Ronald Wright.
The judgment appealed from is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.