This is the second appeal involving an action arising out of a noncompetition agreement entered into by Royce Kershaw, Jr. ("Royce, Jr.") and Knox Kershaw ("Knox") upon separating ownership of two companies, Kershaw Manufacturing Company, Inc. ("KM Co."), and Knox Kershaw, Inc. ("KK, Inc."). Knox and KK, Inc., originally filed suit in 1985 against Royce, Jr., and KM Co., seeking an injunction to enforce the noncompetition agreement, as well as monetary damages for breach of contract, an award of attorney fees, and an extension of the term of the noncompetition agreement. After a nonjury trial, the trial court issued the injunction; however, it expressly reserved for future determination the issues concerning the propriety of an award of damages and attorney fees and an extension of the term of the noncompetition agreement. Royce, Jr., and KM Co. filed a post-judgment motion requesting that the trial court reconsider, amend, alter, vacate, or clarify its order or, in the alternative, grant a new trial. Thereafter, the trial court issued an "Order on Rehearing," dated February 5, 1986, whereby it amended and clarified the original order, but denied all other requested relief, stating, in part, as follows: "Unless otherwise noted above, all other requests for Post Judgment Relief are DENIED." Royce, Jr., and KM Co. appealed. This Court, addressing the validity of the noncompetition agreement, modified the agreement by eliminating an unreasonable restriction on competition, but otherwise affirmed the trial court's order enjoining KM Co. from competing with KK, Inc. SeeKershaw v. Knox Kershaw, Inc., 523 So.2d 351 (Ala. 1988) (decided March 11, 1988). Subsequently, KK, Inc., filed a motion in the trial court, requesting that a hearing be scheduled to determine whether it was entitled to damages, an award of attorney fees, and an extension of the term of the noncompetition agreement. The trial court denied the motion, issuing the following order:
 "This cause comes before this Court following a Modified Judgment of the Alabama Supreme Court, for a Final Order on requested post judgment relief filed herein. Upon a review of the record and upon consideration of the judgment as modified by the Supreme Court of Alabama, the Court is of the opinion that it is appropriate that this Order be entered.
 "It is therefore Ordered, Adjudged and Decreed that the Plaintiff to this Action is not entitled to damages, attorney fees or an extension of the injunction as previously entered by this Court.
"DONE THIS THE 13th DAY OF JANUARY, 1989."
KK, Inc., appealed. We affirm in part, reverse in part, and remand with instructions.
The threshold issue presented for our review is whether this appeal should be dismissed as untimely. Royce, Jr., and KM Co. argue that the appeal should be dismissed because, they say, the trial court, in its "Order on Rehearing," entered prior to the first appeal, denied all of the other relief requested by Knox and KK, Inc., and they did not appeal from that order.
On the other hand, KK, Inc., contends that the trial court's "Order on Rehearing" addressed only those issues raised in the post-judgment motion filed by Royce, Jr., and KM Co. It argues that the trial court reserved a ruling on its remaining claims until after this Court's decision in the first appeal and then ruled on them in its January 13, 1989, order. The present appeal, KK, Inc., maintains, was timely filed within 42 days of the January 13, 1989, order. We agree.
The pivotal language in the trial court's "Order on Rehearing" is as follows: "Unless otherwise noted above, all other requests for Post Judgment Relief are DENIED." This language is relied upon by Royce, Jr., and KM Co. in support of their argument that the trial court, at the time it ruled on their post-judgment motion, also denied all of the other requests for relief made by Knox and KK, Inc. The record reveals, however, that Knox and KK, Inc., did not file a post-judgment motion. Although the trial court did refer in its January *Page 128 
13, 1989, order to the relief requested by Knox and KK, Inc., as "requested post-judgment relief," it appears to us that the trial court, in its "Order on Rehearing," ruled only on the post-judgment relief requested by Royce, Jr., and KM Co. This conclusion is supported by the language of the January 13, 1989, order in which the trial court acknowledged that it was responding to the request of Knox and KK, Inc., for a "Final Order." The trial court also stated as follows: "Upon a review of the record and upon consideration of the judgment as modified by the Supreme Court of Alabama, the court is of the opinion that it is appropriate that this Order be entered." Had the trial court, in fact, resolved all of the issues in its "Order on Rehearing," it would certainly have been quite simple for it to say that. We conclude, therefore, that the first appeal filed by Royce, Jr., and KM Co. was from an interlocutory order granting an injunction. See Rule 4, Ala.R.App.P. See, also, Speigner v. Wallace, 366 So.2d 1120
(Ala. 1979); Weedon v. Crowell, 540 So.2d 1376 (Ala. 1989). The present appeal is from the final judgment entered on January 13, 1989, and it was filed within 42 days of that date, as required by Rule 4.
KK, Inc., contends that the trial court erred in denying its requests for damages, an award of attorney fees, and an extension of the term of the noncompetition agreement beyond its stated expiration date.
At this juncture, we should point out that where a trial court has heard ore tenus evidence, its judgment based upon that evidence is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Furthermore, where a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Robinson v. Hamilton, 496 So.2d 8 (Ala. 1986).
When it issued the injunction, the trial court stated in its order that it would receive "additional argument on the issues of damages and fees" (emphasis added) at a hearing scheduled on a later date. That hearing was never held. It appears to us that the parties submitted written arguments to the trial court instead. Thus, we conclude, and, in fact, KK, Inc., acknowledges in its brief, that the evidence introduced at the trial is conclusive, at least insofar as the claims of KK, Inc., for damages and an extension of the term of the agreement are concerned. After carefully reviewing those pages in the record that KK, Inc., says reflect proof of substantial damages, we cannot hold the trial court in error for refusing to award actual damages. The trial court could have found that the evidence introduced by Knox and KK, Inc., to prove actual damages was speculative, see Crommelin v. MontgomeryIndependent Telecasters, Inc., 280 Ala. 391, 194 So.2d 548
(1967), and such a finding would not be clearly erroneous. Therefore, we affirm that part of the trial court's judgment denying an award of actual damages.
It is well settled, however, that once a breach of contract has been established, as it was in this case, the nonbreaching party is entitled to nominal damages even if there was a failure of proof regarding actual damages. "When the evidence establishes a breach, even if only technical, there is nothing discretionary about the award of nominal damages." James S.Kemper Co. Southeast, Inc. v. Cox Associates, Inc.,434 So.2d 1380, 1385 (Ala. 1983). We reverse that part of the trial court's judgment denying an award of nominal damages.
The noncompetition agreement, in pertinent part, reads as follows:
 "If Royce Kershaw violates the restrictions [set out in this agreement], the period during which this [agreement] shall apply shall be extended one (1) day for each day in which a violation of this [agreement] occurs, and if suit is brought to enforce this [agreement] and [KK, Inc.] establishes one or more violations *Page 129 
by Royce Kershaw, [KK, Inc.] shall be entitled to an injunction restraining Royce Kershaw from further violations for a period of two (2) years from the date of the final decree less only such number of days that Royce Kershaw has not violated this Agreement. . . . The purpose of this provision is to prevent Royce Kershaw from profiting from his own wrong if he violates this Agreement."
In Kershaw v. Knox Kershaw, Inc., supra, this Court affirmed the trial court's judgment that Royce, Jr., and KM Co. had violated the noncompetition agreement. Therefore, KK, Inc., was entitled, under the express terms of the noncompetition agreement, to have the agreement extended beyond its stated expiration date. The trial court's decision not to extend the agreement was clearly erroneous; therefore, its judgment in that respect is reversed.
Finally, KK, Inc., insists that the trial court erred in denying its request for an award of attorney fees. The noncompetition agreement, in pertinent part, provides:
 "If [KK, Inc.] employs an attorney to enforce the provisions of this [agreement] or incurs any other expense in connection with the enforcement of the provisions of this [agreement], Royce Kershaw will reimburse [KK, Inc.] for such expense if [KK, Inc.] is successful in enforcing the provisions of this [agreement]."
Attorney fees are recoverable when provided for in a contract.Shelby Co. Comm'n v. Smith, 372 So.2d 1092 (Ala. 1979). KK, Inc., is clearly entitled, under the express terms of the noncompetition agreement, to an award of attorney fees. We note that the apparent failure of KK, Inc., to introduce any evidence at trial concerning attorney fees incurred does not preclude it from now recovering those fees. The introduction of such evidence at the trial would have been premature, given the fact that the noncompetition agreement contemplates reimbursement of attorney fees and expenses also incurred in the appeal of a lower court's judgment. Consequently, that part of the trial court's judgment denying an award of attorney fees is reversed.
In summary, that part of the trial court's judgment denying an award of actual damages is affirmed; however, the remainder of the judgment, denying an award of nominal damages, attorney fees, and an extension of the noncompetition agreement, is reversed, and the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
HORNS BY, C.J., and MADDOX, JONES, ALMON and ADAMS, JJ., concur.
KENNEDY, J., recused.