MADDOX, Justice.
The issue in this case is whether the trial court, hearing the case without a jury, erred in finding that a joint tenancy, with right of survivorship, had been established in two bank accounts.
Mr. and Mrs. Jewell J. Bryant owned two accounts at First Alabama Bank, jointly with the right of survivorship. Mr. Bryant died in 1984. Mrs. Bryant kept the accounts open and continued to use them. In 1987, Mrs. Bryant and her son, James Bryant, signed new signature cards on the accounts. Mr. Bryant’s name was removed from the account. The new signature cards showed “Mrs. Jewell J. Bryant” in the section described as “Account Title/Name.” On the face of the signature cards the type of account was shown as “Joint with Survivor.” See Exhibit D, which is attached.
There was testimony that Mrs. Bryant signed most of the checks on the accounts during her lifetime. She died on November 7, 1988, and thereafter James Bryant took possession of the balance of $14,725.62 in the accounts at the time of Mrs. Bryant’s death.
Larry Bryant, as executor of the estate of Mrs. Bryant, brought this action for a declaratory judgment, asking that the court determine that “title to the accounts” was in the estate. The trial judge, sitting without a jury, held that there was sufficient evidence to show that Mrs. Bryant intended to make the bank accounts joint accounts with a right of survivorship in James Bryant.
Larry Bryant argues here that the account cards showed that title to the two accounts was in Mrs. Bryant’s name only, and thus that the bank accounts were not joint with the right of survivorship. He maintains that, although the cards were marked “Joint with Survivor,” the statement on the cards indicating “Account Title/Name,” which listed only Mrs. Bryant’s name, indicated Mrs. Bryant’s true intent. He asserts that Mrs. Bryant’s true intent was to maintain the accounts in her name while allowing James Bryant the right to write checks on her accounts in order to care for her needs. James Bryant testified, without objection having been made, as follows:
“Q. Did you and Mrs. Bryant add or change anything to that savings or checking account? In other words, did you add a signature that could draw on it?
“A. We change[d] it to a joint account as I understood it then.”
We conclude that the trial court could have reasonably found that Mrs. Bryant intended to make the bank accounts joint with the right of survivorship. The findings of a trial court based upon ore tenus evidence are presumed correct and will not be disturbed upon appeal if they are supported by the evidence, or any reasonable inference therefrom, unless they are plainly and palpably erroneous or manifestly unjust. Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala.1989); Smith v. Mid South Fiberglass, Inc., 531 So.2d 649 (Ala.1988); Killen v. Akin, 519 So.2d 926 (Ala.1988).
We hold that the findings of the trial court are not plainly and palpably erroneous or manifestly unjust. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
*1248 EXHIBIT'D
[[Image here]]
[[Image here]]