ROBERTSON, Presiding Judge.
Abdullah Shabazz sued Jean Payne for conversion of personal property. Payne counterclaimed and alleged that Shabazz had converted personal property belonging to her. Payne also sought punitive damages and attorney’s fees, alleging that Sha-bazz’s suit was brought for harassment purposes. Both parties appeared pro se.
After considering ore tenus evidence, the trial court entered judgment for Payne as to Shabazz’s complaint and entered judgment for Shabazz as to Payne’s counterclaim. Costs were assessed against Sha-bazz, and he appealed.
On appeal, Shabazz argues that the trial court erred by entering a judgment for Payne as to his complaint and by assessing court costs against him.
We first note that a trial court’s judgment based on ore tenus evidence is presumed correct and will only be reversed if, after considering the evidence and all reasonable inferences to be drawn from it, the judgment is plainly and palpably wrong. Kershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala.1989). Also, where the trial court makes no findings of fact, as is the case here, we “assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.” Kershaw at 128.
Initially, we find that Shabazz cites no authority for his proposition that the trial court erred in assessing court costs against him as he is required to do by Rule 28(a)(5), Alabama Rules of Appellate Procedure. The failure to cite any authority precludes us from considering this issue. May v. State Dept. of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987).
Concerning a conversion action, our supreme court has held that
“a plaintiff must establish that the defendant converted specific personal property to his own use and beneficial enjoyment, or that the defendant destroyed or exercised dominion over property to which, at the time of the conversion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which he was entitled to immediate possession.”
Wilder v. Charles Bell Pontiac-Buick, Cadillac-GMC, Inc., 565 So.2d 205, 206 (Ala.1990).
It has also been held that “the bare possession of property without some wrongful act in acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser is not ‘conversion.’ ” Wright v. Walker Co. Sheriffs Dept., 547 So.2d 452, 454 (Ala.1989).
In 89 C.J.S. Trover and Conversion § 83 (1955), abandonment of the property by the owner is considered to be a defense to a suit for conversion. In determining whether certain personal property has been abandoned, one must consider the nature of the property, the intent to abandon, and any external act or acts which may show this intention. Milford v. Tennessee River Pulp and Paper Co., 355 So.2d 687 (Ala.1978).
Although there ordinarily exists a presumption that one does not intend to abandon his property, this presumption does not exist where the property in question is generally considered valueless. Milford.
Here, the testimony revealed the following background information: Payne operated a clothing store in Fort Deposit which she rented from Forrest Waters, Sr., the owner, from 1981 until 1985. In 1985, she sold her inventory, including some clothing and clothing racks, to John Schultz and turned the store space over to him. Schultz then operated the store for four months before selling some of the clothing and racks to Shabazz and turning the store space over to Shabazz. According to records from Alabama Power Company, an account billed to Shabazz was maintained for this clothing store from June 14, 1988, through April 3, 1989, when the electricity was disconnected.
*240 Shabazz testified that, after he vacated the store space, Payne removed some of his merchandise and gave it to Goodwill without his permission. On cross-examination, Shabazz admitted that he never leased the building which housed the clothing store, he never paid rent for use of the building, and he did not know who the owner was. He also testified that the property in question included clothing, clothing racks, and a televisio'n.
Payne testified that, sometime after Sha-bazz vacated the store, she was asked by a Mr. and Mrs. Hale to unlock the building for inspection because they wanted to open a beauty shop therein. The Hales had gotten permission from the owner to inspect the store. Payne testified that, after examining the store space, the Hales asked her to remove the clothing, clothing racks, and the television. Payne told them that she did not need any of these items, but that they may be able to store them in an adjacent building also owned by Mr. Waters. Consequently, the Hales loaded the clothing onto Payne’s truck and Payne later delivered the clothes to Goodwill. The clothing racks and the television were later moved next door for storage, but Payne testified that she was not the one who moved them.
Also, according to Payne’s testimony, the clothing which she rempved from the store was purchased by her in 1982 and 1988 for two to three dollars apiece from a wholesaler who handled secondhand goods. Payne also testified that the store had been unoccupied for about eight months after Sha-bazz discontinued operating his store in the building, and during this eight-month period, most of the original inventory of clothes had already been removed by someone other than herself.
Mrs. Hale testified that she and her husband first contacted Shabazz about renting the store. Shabazz quoted the amount of rent he would charge them, even though he held no ownership in the store and had never paid rent to anyone himself. Mrs. Hale testified that she and her husband then contacted Payne about gaining access to the store after Mrs. Hale had received permission from the owner. According to the testimony, the Hales did, in fact, ask Payne to remove the clothing from the store, but they actually loaded the clothing onto Payne’s truck. Mrs. Hale also testified that she and her husband moved the clothing racks and the television next door. They later notified Shabazz of the whereabouts of the clothing racks and the television, but he had yet to remove them at the time of trial. According to Mrs. Hale’s testimony, the clothing which she and her husband loaded onto Payne’s truck was soiled and of no value.
After reviewing the evidence, we cannot find that the judgment of the trial court is plainly and palpably wrong. This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.