This is a recommitment case.
The controlling law in cases such as the one sub judice has recently been discussed at length by this court in Thomas v.State Dep't of Mental Health Mental Retardation, 620 So.2d 18
(Ala.Civ.App. 1992), which addressed the applicability ofLynch v. Baxley, 386 F. Supp. 378 (M.D.Ala. 1974), rev'd onother grounds, 651 F.2d 387 (5th Cir. 1981), to recommitment cases in Alabama.
In March 1992 the director of the Thomasville Adult Adjustment Center (TAAC) petitioned to renew the inpatient commitment of Robert Mink (appellant) to the custody of the Alabama Department of Mental Health and Mental Retardation (Department). After an ore tenus hearing, the probate court granted the petition, renewing the appellant's commitment for a period not to exceed one year.
The sole issue raised is whether the Department has shown a "recent overt act" evidencing that the appellant poses a threat of substantial harm to himself or others, as required byLynch, 386 F. Supp. 378.
The record reveals that the appellant has been committed to the custody of the Department eight times since 1968, most recently in November 1991. At the recommitment hearing in March 1992, a psychologist for TAAC testified that the appellant currently suffers from a mental illness diagnosed as "paranoid schizophrenia." According to the psychologist, the appellant's illness manifests itself in the form of various false beliefs, irrational anger, the hearing of voices, perceived rejection, and threats of physical harm to others. The appellant is being treated with antipsychotic medication and behavioral therapy.
The psychologist further indicated that the appellant is not a suitable candidate for release to a less restrictive environment. It was also his opinion that the appellant poses a threat of harm to others. This opinion was based upon the following facts and occurrences: the appellant has a history of threatening violence to others; the appellant reverts to delusional "acting-out" following incidents of real or perceived rejection by others; the appellant does not wholly recognize that he is mentally ill; the appellant has failed to take his antipsychotic medication whenever he has been released to a less restrictive environment; on March 19, 1992, the appellant threatened to kill a female patient after she broke off their relationship; the appellant subsequently made similar threats at a treatment meeting, threatening to kill the same patient because she would not be his friend. *Page 24 
We conclude that, in the context of a proceeding for recommitment, the expert testimony provided a sufficient factual basis to support the probate court's finding that there had been a "recent overt act" evidencing the appellant's dangerousness to himself or others. The facts and occurrences attested to by the psychologist create more than a mere expectancy that the appellant might engage in danger-productive behavior, Lynch, 386 F. Supp. at 391, and clearly and convincingly lay a basis for the conclusion that the appellant's continued custody and treatment by the Department are necessary for his and the community's well-being. See Wyattv. King, 781 F. Supp. 750 (M.D.Ala. 1991).
We find nothing in the record to overcome the presumption of correctness that accompanies the probate court's findings of fact here. Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126
(Ala. 1989). Because we find no error in the probate court's judgment, that judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.