This is a recommitment case.
The controlling law in cases such as the one sub judice has recently been discussed at length by this court in Thomas v.State Dep't of Mental Health Mental Retardation, 620 So.2d 18
(Ala.Civ.App. 1992), which addressed the applicability ofLynch v. Baxley, 386 F. Supp. 378 (M.D.Ala. 1974), rev'd onother grounds, 651 F.2d 387 (5th Cir. 1981), to recommitment cases in Alabama.
In December 1991 the director of the Thomasville Adult Adjustment Center (TAAC) petitioned to renew the inpatient commitment of Elsie Camp (appellant) to the custody of the Alabama Department of Mental Health and Mental Retardation (Department). After an ore tenus hearing, the probate court granted the petition, renewing *Page 25 
the appellant's commitment for a period not to exceed one year.
The sole issue raised is whether the Department has shown a "recent overt act" evidencing that the appellant poses a threat of substantial harm to herself or others, as required byLynch, 386 F. Supp. 378.
The record reveals that the appellant was first committed to the custody of the Department in November 1989 and again in August 1990. At the recommitment hearing in March 1992, a psychologist for TAAC testified that the appellant currently suffers from a mental illness diagnosed as "chronic paranoid schizophrenia." According to the psychologist, the appellant's illness manifests itself through a number of grandiose and paranoid delusions, among which are the appellant's convictions that various government agencies are involved in a plot against her, that the FBI is monitoring her telephone calls and mail, that she is being cheated out of money, and that the government is planning to give her $5,000 per month in disability payments. The appellant is being treated with antipsychotic medication and behavioral therapy.
The psychologist further indicated that he believes that while the appellant has demonstrated better behavioral control since her commitment, she is not now a suitable candidate for release to a less restrictive environment and that if she does not continue to receive structured treatment, her condition will gradually worsen. It was the psychologist's opinion that the appellant poses a threat of harm to others. He based his opinion upon the following facts and occurrences: the appellant has a history of pre-admission violence; the appellant continues to maintain delusional beliefs that interfere with her daily functioning; the appellant evidences a considerable amount of anger and becomes belligerent and verbally abusive when her beliefs are challenged; the appellant has indicated that she does not believe that she is mentally ill and has stated that if she is released, she will not go to the mental health center or continue taking antipsychotic medication; and on January 30, 1992, the appellant threatened another patient with bodily harm.
We conclude that, in the context of a proceeding for recommitment, the expert testimony provided a sufficient factual basis to support the probate court's finding that there had been a "recent overt act" evidencing the appellant's dangerousness to herself or others. The facts and occurrences attested to by the psychologist create more than a mere expectancy that the appellant might engage in danger-productive behavior, Lynch, 386 F. Supp. at 391, and clearly and convincingly lay a basis for the conclusion that the appellant's continued custody and treatment by the Department are necessary for her and the community's well-being. See Wyattv. King, 781 F. Supp. 750 (M.D.Ala. 1991).
We find nothing in the record to overcome the presumption of correctness that accompanies the probate court's findings of fact here. Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126
(Ala. 1989). Because we find no error in the probate court's judgment, that judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.