THOMPSON, Presiding Judge.
Michael D. Brooks appeals from a judgment ordering his former employer, Franklin Primary Health Center, Inc. (“Franklin Health”), and its chief executive officer, Charles White (hereinafter referred to collectively as “Franklin”), to pay him nominal damages of $100 on his claim of breach of contract against Franklin.
This is the second time these parties have been before this court. In Brooks v. Franklin Primary Health Center, Inc., 53 So.3d 932 (Ala.Civ.App.2010) (“Brooks I ”), Brooks appealed a summary judgment entered in favor of Franklin on claims of breach of contract and fraud that Brooks had asserted against Franklin arising out of the termination of Brooks’s employment as an obstetrician-gynecologist (“OB-GYN”) with Franklin Health.[1] This court *697 affirmed the summary judgment as to the fraud claim but reversed it as to the breach-of-contract claim, holding that, as to the breach-of-contract claim, “Franklin failed to meet its burden to make a prima facie showing that there is no genuine issue of material fact and that it was entitled to a judgment as a matter of law.” Id. at 937. Accordingly, the cause was remanded to the trial court for further proceedings. Id. at 938.
On remand, Franklin filed a motion asking the trial court to enter an award for nominal damages in favor of Brooks on the breach-of-contract claim. The trial court granted the motion and entered a judgment awarding Brooks nominal damages in the amount of $100. Brooks appealed.
Brooks argues that because the summary judgment was reversed as to his claim against Franklin alleging breach of contract, he is entitled to have a jury determine whether Franklin breached the employment agreement it had with Brooks and, if so, to determine the amount of damages he is to receive.
In asking the trial court to award Brooks nominal damages, Franklin asserted that, in reversing the summary judgment as to the breach-of-contract claim, this court “determined that even though ‘Brooks was unable to prove damages in this case’ ..., [the trial] court should not have entered [a] summary judgment on the basis of lack of damages; rather [the trial] court should have entered an award of nominal damages instead.” Franklin disputed that it had in fact breached the employment agreement, but, it said, “there is little reason to burden the Court or the parties with a trial limited to nominal damages.” Therefore, Franklin said, it consented to a judgment being entered against it for nominal damages, which, it said, was in accordance with this court’s opinion in Brooks I.
In Brooks I, supra, Brooks had argued to this court that the trial court’s summary judgment on the breach-of-contract claim was improper because, he said, genuine issues of material fact existed as to whether he fulfilled his obligations under the terms of the agreements and whether Franklin properly terminated his employment for cause. Brooks I, 53 So.3d at 935. We agreed with Brooks. In addressing his arguments, this court wrote, in pertinent part, the following:
“We note that the trial court did not set forth the grounds upon which it entered the summary judgment. In its motion for a summary judgment, Franklin argued that because Brooks turned down Franklin’s offer to stay an additional month after the obstetrics program [at Franklin Health] closed, and instead immediately took a job as an OB-GYN at another facility in Mobile, Brooks suffered no damages.
“Proof of the damages resulting from a defendant’s alleged breach of contract is a required element in a breach-of-contract claim. See Shaffer v. Regions Fin. Corp., 29 So.3d 872, 880 (Ala.2009) (quoting Reynolds Metals Co. v. Hill, 825 So.2d 100, 105 (Ala.2002)) (‘“The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs performance under the contract; (3) the defendant’s nonperformance; and (4) resulting damages.” ’). In submitting evidence indicating that Brooks had immediately begun working with the Greater Mobile Physicians Group after leaving Franklin Health, Franklin presented substantial evidence indicating that Brooks was unable to prove damages in this case. Brooks failed to submit any evidence to the contrary. However, Brooks’s failure to submit evidence of damages is, alone, an insufficient basis for a summary judgment.
*698 “‘Alabama law provides for nominal damages if a breach of contract is proven, even if a breach-of-contract plaintiff cannot prove actual damages. Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126, 128 (Ala.1989) (“It is well settled, however, that once a breach of contract has been established, as it was in this case, the nonbreaching party is entitled to nominal damages even if there was a failure of proof regarding actual damages.”); see also James S. Kemper & Co. Southeast, Inc. v. Cox & Assocs., Inc., 434 So.2d 1880, 1385 (Ala.1983) (“When the evidence establishes a breach, even if only technical, there is nothing discretionary about the award of nominal damages.”). Thus, even if Jones and the companies failed to present substantial evidence of actual damages, Hamilton would not be entitled to a summary judgment on the breach-of-contract claim on that ground.’
“Jones v. Hamilton, 53 So.3d 134, 142 (Ala.Civ.App.2010). Accordingly, the summary judgment on Brooks’s breach-of-contract claim could not properly be entered on the basis of Brooks’s apparent lack of damages alone.”
Brooks I, 53 So.3d at 935-36.
Franklin contends that the above language somehow constituted a holding that the trial court should have entered a judgment in favor of Brooks for nominal damages. Franklin misunderstood this court’s holding in Brooks I; we therefore take this opportunity to clarify our decision.
On remand, “ ‘the trial court’s duty is to comply with the appellate mandate “according to its true intent and meaning, as determined by the directions given by the reviewing court.” ’ ” Ex parte Jones, 774 So.2d 607, 608 (Ala.Civ.App.2000) (quoting Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ.App.1983), quoting in turn Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983)). To the extent that Franklin had argued it was entitled to a summary judgment because Brooks had failed to submit evidence rebutting Franklin’s assertion that he had not suffered any damages, we held that that ground alone is insufficient to sustain a summary judgment. The law set forth in the above discussion explains that, although a summary judgment is ordinarily proper if a nonmovant fails to present substantial evidence to rebut a “fact” asserted by a mov-ant, that general rule is inapplicable when a nonmovant fails to submit evidence of damages in a breach-of-contract claim, because, if the nonmovant can show that the contract had in fact been breached, the nonmovant is entitled to recover at least nominal damages.
After pointing out the well settled law that a plaintiffs failure to submit evidence of damages cannot result in the entry of a summary judgment in favor of a defendant in a breach-of-contract action, we went on to discuss Franklin’s failure to meet its burden pursuant to Rule 56(c), Ala. R. Civ. P., of demonstrating that no genuine issues of material fact existed as to other elements of Brooks’s breach-of-contract claim and Franklin’s failure to demonstrate that it was entitled to a summary judgment as a matter of law. Id. at 937. In Brooks I, this court made no determination as to whether Franklin had breached the employment contract at issue, and we did not make any determination as to whether Brooks would ultimately prevail on that issue. A fair reading of our opinion indicates that we determined that there were still genuine issues of material fact to be determined, and, therefore, we remanded the cause for further litigation of the issue. Our opinion in Brooks I should not be read as holding that, as to Brooks’s breach-of-contract claim, the trial court should have entered a judgment awarding Brooks nom *699 inal damages rather than a summary judgment in favor of Franklin.
For the above reasons, the trial court’s judgment awarding nominal damages to Brooks is reversed, and this cause is once again remanded with instructions to the trial court to proceed with the litigation of this case in a manner consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. A recitation of the underlying facts are not necessary for disposition of this appeal. A statement of the facts in this case, as established at this point in the litigation, can be found in Brooks I, 53 So.3d at 933-35.