KENNEDY, Justice.
Margaret D. Van Schaack appeals from a judgment entered on a “petition for final settlement” filed by AmSouth Bank, N.A. (“AmSouth”), as executor of the estate of her mother, Annie Hargrove Donald.
Annie Donald died in November 1979, and she was survived by her three children, Anne Shannonhouse, Robert Donald, and Van Schaack, who are all adults. Annie Donald bequeathed her personal belongings to her children in equal shares, with the residue of the estate to be divided as follows, with AmSouth as trustee:
“(a) The trustee shall apportion the trust so that there will be one share for each child of mine then living and one share for the then living descendants of each deceased child of mine. The said shares shall be equal except that the share allocated to my daughter, Margaret Caldwell Donald von Schaack [sic], or her descendants, shall be of a value $50,-000.00 less than the value of each of the other shares allocated to my remaining children or their descendants.
“If the share allocated to my daughter, Margaret Caldwell Donald von Schaack, or her descendants shall be determined to be of a value of zero or less than zero, then my said daughter or her descendants shall take no part of my estate.
“(b) The trustee shall hold the share allocated to any child of mine for the benefit of such child for and during his or her lifetime.”
The residuary estate originally consisted of bank accounts and numerous parcels of land. AmSouth sold all the land, except for the Burroughs Building, to pay estate taxes and administrative expenses. On March 16, 1984, AmSouth divided the residuary estate into three shares based on its interpretation of the provision above.
On April 14, 1986, AmSouth filed a petition for final settlement. According to the petition, there was insufficient cash to create the $50,000 differential between Van Schaack and Shannonhouse and Donald referred to in the will. Accordingly, the petition suggested that the interests of Annie Donald’s children in the Burroughs Building be adjusted to compensate for the $50,-000 difference, so that Shannonhouse and Donald each obtained a 37.75% percent interest in that building and Van Schaack obtained a 24.5% interest. AmSouth based its valuation of the Burroughs Building on the date of Annie Donald’s death, rather than, as Van Schaack advocated, on the date the building was “distributed” to the trust.
The trial court entered a judgment approving AmSouth’s calculations, declaring the estate closed, and awarding an attorney fee to AmSouth’s attorney and a fee to a guardian ad litem.
Van Schaack appealed that judgment, and this Court addressed that appeal in Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740 (Ala.1988). First, the Court addressed “the propriety of [AmSouth’s] valuation of the property contained in the residual estate for purposes of satisfying the pecuniary bequest and the fractional shares of the residual trust estate.” 530 So.2d at 743. Van Schaack argued that the date-of-death valuation of the Burroughs Building was improper, because the bequest was not merely a fractional share bequest. Id., at 744. Instead, Van Schaack argued, the bequest was a hybrid between a pecuniary bequest and a fractional shares bequest, and the date of distribution of the trust assets, accordingly, she argued, would be the proper date of valuation of the Burroughs Building. Id. The Court agreed and so held. Id., at 744-49. The Court stated:
“Accordingly, we reverse the judgment below approving the Bank’s satisfaction of the residual pecuniary bequests and the subsequent fixing of the percentage values of the residual shares in the trust assets based on the date-of-death value of the primary residual trust asset, the Burroughs Building. We hold that, in satisfying the terms of the residual trust, *194 the Bank must use the value of the building as of the date of distribution.”
The Court affirmed the award of attorney fees, id., at 749-50; held moot Van Schaack’s challenge to the appointment of only one guardian ad litem, id., at 751; and remanded for an evidentiary determination of the propriety of the guardian ad litem’s fee, id., at 750.
After the remand, AmSouth filed the petition for final settlement that is the subject of this appeal. The petition based its recalculation of Shannonhouse, Robert Donald, and Van Schaack’s interests in the Burroughs Building on the date of distribution, as this Court instructed. The recalculation allowed Van Schaack a 27.62% interest and Shannonhouse and Robert Donald both a 36.19% interest.
Two hearings were conducted in relation to that petition. At the first hearing, the trial court sustained objections to Van Schaack’s questions to an AmSouth representative concerning AmSouth’s actions in regard to the estate prior to March 16, 1984, the date AmSouth originally divided the interests in the Burroughs Building according to its interpretation of Annie Donald’s will. With those questions Van Schaack sought to produce evidence that AmSouth had erred in determining that there was insufficient cash in the estate to provide the initial $50,000 for both Shan-nonhouse and Robert Donald’s difference; Van Schaack sought to prove further with that evidence that the interests in the Burroughs Building should be divided equally and that the unequal distribution of the interests in the building was resulting in a difference in interest in the residuary estate of far more than the $50,000 each that the will contemplated for Shannonhouse and Robert Donald.
In the second hearing, the trial court refused to allow similar testimony. It also refused to allow any evidence concerning AmSouth’s actions and calculations prior to the judgment in Van Schaack.
The trial court later entered an order that held that both Shannonhouse and Robert Donald are entitled to a 35.83% interest in the Burroughs Building and Van Schaack a 28.34% interest. The trial court awarded an additional attorney fee of $27,-000 and a guardian ad litem’s fee of $8,500. Van Schaack appeals all these holdings.
Van Schaack contends that the trial court erred in refusing to allow her to obtain the evidence that we described, because, she says, it erroneously held that the only issue before it was the recalculation of the value of the Burroughs Building based on the date of the distribution of the Burroughs Building to the residuary. We agree, and a comparison of our holding in Ex parte Riley, 464 So.2d 92 (Ala.1985), with our holding in Van Schaack demonstrates the trial court’s error.
In Ex parte Riley, the Court addressed a modification of a judgment divorcing Marion Riley and Ronald Roberson, and, in relation to that issue, addressed the law of judgments:
“During their marriage, Riley and Roberson executed a joint promissory note to Riley’s parents for $12,000. The divorce decree dissolving the marriage of Riley and Roberson incorporated the terms of a separation agreement containing fifteen paragraphs of specific provisions. Under the agreement, Riley was given custody of the children and the use of the home and furnishings. Paragraph 10 of the agreement made Roberson liable for all debts incurred by the parties during their marriage.
“Roberson subsequently filed a petition for modification of the divorce decree, which petition was granted. The modification order entered by the trial court deleted all paragraphs of the initial settlement agreement and substituted therefor paragraphs ‘A’ and ‘D’, giving custody of the children and title to and use of the home and furnishings to Roberson and allowing visitation rights to Riley. Riley appealed from this modification order to the Court of Civil Appeals, attacking the custody and property settlement provisions substituted for the paragraphs of the original settlement agreement.
“The Court of Civil Appeals ‘Reversed and Remanded [the modification order] *195 for Entry of a Judgment Not Inconsistent with [Its] Opinion.’ That opinion discussed the issues of child custody and property settlement, but made no mention of the specific paragraphs of the divorce decree which the modification order had apparently deleted.
“Following the reversal of the modification order, the trial court entered a bench note ordering that custody of the children be returned to Riley and that Roberson resume support payments. The trial court also issued an order establishing Roberson’s visitation rights. No other orders were entered in the case. Roberson continued to pay the monthly installments due on the promissory note to Riley’s parents, but subsequently ceased those payments. Riley’s parents sued Roberson on the balance due on the note. Roberson impleaded Riley on the ground that the reversal of the modification order had not reinstated Paragraph 10 of the divorce decree. The trial court granted Riley’s motion for summary judgment (thereby denying contribution from Riley) and denied Roberson’s motion for reconsideration.
“The Court of Civil Appeals in the present case reversed the trial court’s order granting summary judgment to Riley and remanded the cause. We granted Riley’s petition for certiorari.
“The issue presented is whether the first opinion of the Court of Civil Appeals reversing the modification order totally annulled that order and reinstated the provisions of the original divorce decree, thereby reviving Paragraph 10 of the decree making Roberson solely responsible for the payment of the promissory note. We find that it did and we reverse.
“Roberson advances the compelling argument that, because Riley’s brief appealing the modification order raised specific issues of child custody and property settlement, only those two issues were affected by the Court of Civil Appeals’ reversal of the modification order. Indeed, it has long been the law in Alabama that failure to argue an issue in brief to an appellate court is tantamount to the waiver of that issue on appeal. An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or as-signed_ This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument. ...
“Notwithstanding the basic validity of the foregoing, we find that the rule of law contained in these cases proffered by Roberson is not dispositive of the issue raised by the instant case. Equally well-settled in the law of Alabama is the principle that a judgment is a legal entity — a single unit — the reversal of which, annuls it in its entirety and vacates all rulings that are contained within it."
464 So.2d at 93-94 (citations omitted) (emphasis added).
Consider Ex parte Riley’s holding in relation to our judgment in Van Schaack. In Van Schaack, we stated that the issue before us was “the propriety of [Am-South’s] valuation of the property contained in the residual estate for purposes of satisfying the pecuniary bequest and the fractional shares of the residual trust estate.” 530 So.2d at 743. Our holding on that issue was that we “reverse the judgment below approving [AmSouth’s] satisfaction of the residual pecuniary bequests and the subsequent fixing of the percentage values of the residual shares based on the date of death value of the primary residual trust asset, the Burroughs Building.” Id., at 749.
No doubt, the Court reversed the trial court’s judgment as to the issue of the date of calculation of the valuation of the Burroughs Building. However, the language of the opinion, in both the statement of the issue and in the holding, indicates that the Court reversed the entire judgment as to the propriety of AmSouth’s valuation of the property in the residual estate, which is primarily the Burroughs Building. Van Schaack, at 743, 749; Ex parte Riley, at 74. Accordingly, Van Schaack should have been allowed to produce the evidence she sought to produce, and the trial court erred in holding to the contrary. As to this is *196 sue, the judgment is due to be reversed and the cause remanded.
Van Schaack argues that the award of a $27,000 attorney fee was improper, 1) because, she says, most of the fee was “incurred primarily on the original appeal and in the preparation for trial on remand,” and 2) because, she says, Am-South was at fault for drafting the will poorly in the first place and thus causing (and encouraging) all the subsequent litigation. An award of an attorney fee is within the trial court’s discretion, subject to correction only for an abuse of that discretion. Clement v. Merchants National Bank of Mobile, 493 So.2d 1350, 1355 (Ala.1986). On the record before us and considering Van Schaack’s conclusory arguments, we will not say that the trial court abused its discretion in awarding the attorney fee. As to the attorney fee, the judgment is due to be affirmed.
Van Schaack also challenges the $8,500 award to the guardian ad litem. She argues that under Peebles v. Miley, 439 So.2d 137 (Ala.1983), a fee can be awarded only if the service rendered has some value to the persons represented. Van Schaack contends that the guardian ad litem was in a position of such a conflict of interests between her and her brother and sister that he was “hamstrung” and actually provided no service to any of them. Although this is admittedly a considerably closer call than was presented on the award of an attorney fee, neither the record before us nor the arguments of Van Schaack prove that the trial court abused its discretion in making this award. As to the award for the guardian ad litem, the judgment is due to be affirmed.
The judgment is due to be affirmed in part and reversed in part and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ„ concur.