In this class action the attorneys for the plaintiffs seek payment of attorney fees from the fund derived as a result of a settlement agreement.
 The Motion To Realign Parties
Initially, we address the attorney ad litem's motion to realign the parties in this cause. The motion is granted; thus, the parties to this appeal are accurately reflected in the style of this opinion.[1]
The brief filed on behalf of the original defendant, Real Estate Financing, Inc., is treated as that of an amicus curiae.
 The Merits
The single issue presented is whether the trial court abused its discretion in awarding, as part of its order approving a settlement agreement in the amount of $8,216,490, the sum of $250,000 as attorney fees to lawyers for the plaintiff class.
The lawyers appeal. They acknowledge that their fee must be paid out of the fund generated by the settlement agreement. They contend that in awarding only 3% of that amount as their fee the trial court abused its discretion, and they argue that one-third of the settlement benefits is a reasonable fee. They note that four separate law firms served as lawyers for the plaintiffs' class for more than 4 1/2 years and, of course, point out that they were successful in generating a fund in excess of $8 million for the plaintiff class.
The attorney ad litem, appointed to represent the members of the class at the hearing held to approve the settlement, contends that the evidence supports the trial court's exercise of its discretion in awarding attorney fees of only $250,000.[2]
The determination of court-awarded attorney fees has been an ongoing issue in both state and federal courts. However, this Court, like the federal courts, has long recognized that a lawyer who recovers an award for the benefit of a class of clients is entitled to a reasonable fee from the amount recovered. Ex parte Brown, 562 So.2d 485, 495 (Ala. 1990), citing Boeing Co. v. Van Gemert, 444 U.S. 472, 100 S.Ct. 745,62 L.Ed.2d 676 (1980); Reynolds v. First Alabama Bank ofMontgomery, N.A., 471 So.2d 1238 (Ala. 1985); Eagerton v.Williams, 433 So.2d 436 (Ala. 1983).
The lawyers for the plaintiff class in this case are, under all of the cases, entitled *Page 959 
to a reasonable fee for their services. The question is what factors a trial court should consider in determining what amount constitutes a reasonable fee and what approach to that determination should be taken. In some cases, it is appropriate to begin with a consideration of the number of hours expended, the so-called "lodestar." In others, particularly where the efforts of the plaintiffs' counsel have produced a common fund for the benefit of all members of the class, a percentage of the fund should be the starting point. We hold that in a class action where the plaintiff class prevails and the lawyer's efforts result in a recovery of a fund, by way of settlement or trial, a reasonable attorney fee should be determined as a percentage of the amount agreed upon in settlement or recovered at trial.
The United States Court of Appeals for the Third Circuit appointed a Task Force on Court Awarded Attorney Fees, whose report is published at 108 F.R.D. 237 (1985). The Task Force cautioned that in setting attorney fees, courts should distinguish between common fund cases and those brought under statutes that provide for attorney fees.[3] Id. at 255-56. Attorney fees based upon statutory grounds are usually calculated by the "lodestar" method (in which the starting point is the calculation of hours expended) introduced by the United States Court of Appeals for the Third Circuit in LindyBrothers Builders, Inc. v. American Radiator StandardSanitary Corp., 487 F.2d 161 (3d Cir. 1973), and Lindy BrothersBuilders, Inc. v. American Radiator Standard Sanitary Corp.,540 F.2d 102 (3d Cir. 1976). In contrast, attorney fees in common fund cases are usually determined as a percentage of the fund. Mashburn v. National Healthcare, Inc., 684 F. Supp. 679
(M.D.Ala. 1988).
Where lawyers representing a class are required to look to a percentage of the fund recovered for their clients for their fee, a dilemma results, because the attorneys, who once represented the plaintiffs and secured a recovery for them, now stand in a position adverse to that of their clients. The Report of the Third Circuit Task Force on Court Awarded Attorney Fees states:
 "Of primary concern in dealing with fund-in-court cases is solving the problem raised when a class action lawyer secures a recovery for his clients and then proceeds to file a fee petition seeking compensation from those very same funds. In these situations, the plaintiffs' attorney's role changes from one of a fiduciary for the clients to that of a claimant against the fund created for the clients' benefit. The perspective of the judge also changes because the court now must monitor the disbursement of the fund and act as a fiduciary for those who are supposed to benefit from it, since typically no one else is available to perform that function. . . .
 "In response to these concerns, the Task Force concluded that the traditional common-fund case and those statutory fee cases that are likely to result in a settlement fund from which adequate counsel fees can be paid, should be treated differently than the more typical statutory fee case involving the declaration or enforcement of rights or relatively modest sums of money. . . .
 "Accordingly, the Task Force recommends that in the traditional common-fund situation and in those statutory fee cases that are likely to result in a settlement fund from which adequate counsel fees can be paid, the district court, on motion or its own initiative and at the earliest practicable moment, should attempt to establish a percentage fee arrangement agreeable to the Bench and to Plaintiff's counsel. . . ."
108 F.R.D. at 255-56. For these reasons, the Third Circuit Task Force recommended the setting of a percentage fee in cases like this one.
In Peebles v. Miley, 439 So.2d 137 (Ala. 1983), this Court attempted to establish some general guidelines for courts in determining reasonable attorney fees:
 (1) "the nature and value of the subject matter of the employment"; *Page 960 
 (2) "the learning, skill, and labor requisite to its proper discharge";
(3) "the time consumed";
 (4) "the professional experience and reputation of the attorney";
(5) "the weight of his responsibilities";
(6) "the measure of success achieved";
 (7) "the reasonable expenses incurred by the attorney";
(8) "[w]hether the fee is fixed or contingent";
 (9) "[t]he nature and length of a professional relationship";
 (10) "[t]he fee customarily charged in the locality for similar legal services";
 (11) "[t]he likelihood that a particular employment may preclude other employment"; and
 (12) "[t]he time limitations imposed by the client or by the circumstances."
Id. at 140-41. See Van Schaack v. AmSouth Bank, N. A.,530 So.2d 740 (Ala. 1988); Ex parte Brown, 562 So.2d 485 (Ala. 1990); and Anderson v. Lee, 621 So.2d 1305 (Ala. 1993). Although not all of these criteria are applicable in every case, a trial court may consider those that are, along with other pertinent facts, in approving attorney fees in cases where court approval is required. Knox Kershaw, Inc. v.Kershaw, 598 So.2d 1372 (Ala. 1992).
Class actions are designed to provide a vehicle for redress where wrongful conduct has resulted in harm to a great number of people, but none has been hurt badly enough to justify pursuit of an individual claim. Where a recovery is made on behalf of a class, it is reasonable to award attorney fees on the basis of a percentage of the amount recovered. In some cases, 20% may be reasonable, based upon the amount of the award and other factors. In other cases 40%, or even 50%, may be justified. A trial court must carefully weigh the factors. For example, strict reliance on "the time consumed" factor in a common fund case could encourage and reward protracted litigation. Camden I Condominium Ass'n, Inc. v. Dunkle,946 F.2d 768, 773 (11th Cir. 1991). It has been said that the "expended time" factor has limited significance in a common fund case:
 "Professor Hornstein wrote in his article 'Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards,' 69 Harv. L.Rev. 658 (1956):
 " 'Where success is a condition precedent to compensation, "hours of time expended" is a nebulous, highly variable standard, of limited significance. One thousand plodding hours may be far less productive than one imaginative, brilliant hour. A surgeon who skillfully performs an appendectomy in seven minutes is entitled to no smaller fee than one who takes an hour; many a patient would think he is entitled to more.'
 Id. at 660. Professor Hornstein's article was cited with approval by the United States Supreme Court in Mills v. Electric Auto-Lite Co., 396 U.S. 375, 394
n. 18, 90 S.Ct. 616, 626 n. 18, 24 L.Ed.2d 593
(1970)."
Mashburn v. National Healthcare, Inc., supra, at 689.
This Court has recognized the use of the Peebles factors in setting a percentage fee in common fund cases and has allowed percentages even higher than one-third in some cases:
 "The cases that we have considered have taught us that generally, even with the fine tuning of assessing the factors in Peebles, courts in complex six-figure and seven-figure judgments have assessed fees from 20% to 25% of the recovery. This has generally worked out to be the rule in our State, . . . but this is not to say that there have not been courts that have assessed one-third, or even higher fees which we, after reading the decisions, also conclude were reasonable."
Reynolds v. First Alabama Bank of Montgomery, N.A.,471 So.2d 1238, 1245 (Ala. 1985).
According to our calculations, the fee awarded in this case equals about 3.0% of the settlement benefits recovered by the members of the class. While we recognize the potential for abuse of class actions, we are confident that the trial courts of this state *Page 961 
are able to guard against it. We also note that there is no suggestion in this case that either side has abused the class action procedure.
We hold that the lawyers representing the plaintiff class in this case are entitled to a reasonable percentage of the amount of the settlement. In determining that percentage, the trial court should consider all relevant factors, including the number of hours expended on behalf of the class. Several factors, including the number of lawyers who were actively engaged for over four years in the handling of the claims, the complexity of the litigation, as well as the management responsibilities inherent in a class action, and the result obtained, would justify a award of an amount between 20% and 33 1/3% of the amount of the settlement. However, the plaintiffs' attorneys did not introduce any evidence of the actual time spent on behalf of the class. The trial court should consider that factor in determining the appropriate percentage to be awarded in this case.
We note that in another aspect of the settlement benefits, the propriety of which is not here challenged, the trial court awarded a fee of one-third of the recovery.[4] Here, the settlement agreement includes future benefits in addition to currently payable refunds, all of which, for purposes of this appeal, is estimated to total $8,216,490.[5] There was testimony from two attorneys that 30% would be a reasonable fee; one said that 40% would be more in line. In fact, the defendant's own attorney stated that he had no problem with a fee of $1,091,310.
We reverse that portion of the judgment approving the settlement, as it relates to the $250,000 attorney fee award, but our reversal of that portion in no way affects that portion of the judgment that requires Real Estate Financing, Inc., to reimburse the plaintiffs' counsel for all reasonable expenses incurred in the management of the class action, as part of the costs of court. We further assume that a reasonable fee for the services of the attorney ad litem, including his appearance before this Court on appeal, will be determined at the rehearing on the remand of this cause.
The judgment is affirmed as to all matters other than the $250,000 attorney fee; the portion of the judgment relating to the award of that attorney fee is reversed and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, SHORES, INGRAM, COOK, and BUTTS, JJ., concur.
[1] The original style of the case was as follows: "Charles M. Law and Patricia S. Law, etc. v. First Alabama Bancshares, Inc., and Real Estate Financing, Inc." We use the term "realign the parties" to comport with the attorney ad litem's motion. Technically, because the lawyers for the class were not parties to this cause prior to this appeal, we have "restyled" the cause on appeal rather than "realigned" the parties.
[2] In stating the issue, we have not overlooked another portion of the trial court's judgment, awarding the lawyers for the class a fee of 1/3 of an additional recovery effected by the settlement agreement. While this second aspect of the settlement agreement is not directly involved in this appeal, it is, nonetheless, a factor in our consideration of the outer limits of a reasonable fee determination as it relates to the $8,216,490 settlement benefit.
[3] For an excellent discussion of the history of, and the distinction between, an attorney fee based upon a common fund recovery and fees based upon a statutory recovery, see Camden ICondominium Ass'n, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991).
[4] Just as in the contested aspect of the fee award, the aggregate amount of recovery in the uncontested aspect is not clearly reflected in the record. By certain inferences drawn from the record and from the briefs of the parties, we believe the 1/3 fee applicable to the uncontested aspect is approximately $88,000. If we are mistaken in this conclusion, the trial court, in awarding the balance of the fee, should make the appropriate adjustments.
[5] We have used this figure, relating to the contested aspect of the fee award, as a mere point of reference. The actual figure, which will result from a lengthy and intricate accounting process, is the figure the trial court should use in complying with this Court's instructions upon remand of this cause.