The application for rehearing has caused me to reconsider whether we have identified an abuse of discretion by the trial court. I continue to concur to reverse the order awarding attorney fees and to remand this case and with the order that a special master be appointed. However, I respectfully dissent from that part of the opinion that concludes that the trial court must use the lodestar method in determining the amount of attorney fees to be awarded in this case.
The majority holds that "[a]lthough the common-fund approach remains the preferred method for calculating attorney fees in class actions in Alabama, when the percentage of the class members responding to the class notice is so low as to undermine the assumption of an informed decision, we distinguish Trawick and hold that the trial court must use the lodestar method to calculate appropriate attorney fees." 781 So.2d at 195. I disagree with this holding. We have previously held that "[w]here a recovery is made on behalf of a class, it is reasonable to award attorney fees on the basis of a percentage of the amount recovered."Edelman Combs v. Law, 663 So.2d 957, 960 (Ala. 1995). The trial court should have the flexibility to use the common-fund method, but it should be directed to consider the amount actually paid out, in addition to the amount available to the class, as factors in setting the fee, should the court set the fee using the common-fund method.